```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                                 13 CR. 165 (LTS)

 5   MANUEL LLUBERES RODRIGUEZ,

 6                   Defendant.

 7   ------------------------------x

 8                                                 New York, N.Y.
                                                   January 4, 2016
 9                                                 3:05 p.m.

10
     Before:
11
                        HON. LAURA TAYLOR SWAIN,
12
                                                   Judge
13

14                              APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     ELISHA KOBRE
17        Assistant United States Attorney

18   JOSHUA L. DRATEL
          Attorney for Defendant
19
     ALSO PRESENT:  SELVA NEBBIA, INTERPRETER (SPANISH)
20

21

22

23

24

25
```

1       (Case called)

2       THE COURT:  Good afternoon.

3       May I have a status report, please.

4       MR. KOBRE:  Sure.  Your Honor, as the government
indicated in its letter of December 16, this is a case in which
the defendant was extradited.  He was extradited from Panama
having been originally arrested in Panama by the Panamanian
authorities on April 24, 2014.

9       There were some proceedings there related to his
extradition, and those ended on December 10, 2015, when US
authorities went to Panama and took custody of him and brought
him over here to the United States.

13      Per the referral by your Honor's law clerk, the
defendant was presented and arraigned here the following day,
arraigned on the indictment which contains two counts.  Two
narcotics conspiracies are charged in the indictment.

17      THE COURT:  Yes.  One to import and one to distribute,
the same participants, the same drugs?

19      MR. KOBRE:  Correct, your Honor.  The discovery had
been produced on December 28.  There may be some remaining
drops of discovery which I will check on today, but eventually,
all the discovery has been produced which includes a wire,
although it was a wire that was not on the defendant's phone.
It was on another of the coconspirators' phones.

25      There are numerous recordings, reports of the Drug

1   Enforcement Administration.  There are other warrants and
2   related court documents for various processes that were
3   produced to defense counsel on December 28.  We are here for
4   our first pretrial conference.
5            THE COURT:  Are there any post-arrest statements?
6            MR. KOBRE:  There are some post-arrest statements.
7   It's not very extensive.  Those have all been produced to
8   defense counsel.  They are described in one of the reports of
9   the Drug Enforcement Agency.
10           THE COURT:  Have you and Mr. Dratel had an opportunity
11  to discuss a schedule for the next phase of this case?
12           MR. KOBRE:  Briefly, your Honor.  I can let Mr. Dratel
13  speak to that, but there is a fairly extensive amount of
14  discovery in this case, a large portion of which is in the
15  Spanish language.
16           THE COURT:  So have you produced or are you producing
17  line sheets or draft translations or both?
18           MR. KOBRE:  Yes.  So, with respect to the wire, there
19  are line sheets.  Mr. Dratel has executed a stipulation
20  agreeing not to use those at trial, which is fairly standard.
21  I've produced those line sheets to him for the wire.
22           With respect to consensual phone calls and other
23  consensual recordings, the government does not have transcripts
24  of any of those.
25           What we do have is there are, for lack of a better

1  term, synopses in the DEA 6s, the Drug Enforcement
2  Administration reports.  Those have been produced again
3  pursuant to the stipulation.
4          Where there are formal transcripts -- there are
5  some -- those have also been produced as well.  To the extent
6  any more come, they will be produced.
7          Since there are so many recordings, the government at
8  this point doesn't have a plan to get all of the recordings
9  transcribed and translated.  It would just be prohibitive in
10 cost.
11         THE COURT:  Does the government have a plan at this
12 point, a triage plan, to have some of them transcribed?  Is
13 that a process that's ongoing in any way so that Mr. Dratel
14 might be able to expect to have some further help with
15 transcripts coming by way of the government?
16         MR. KOBRE:  I don't think so, your Honor.  I think at
17 this point the government is relying on the synopses that we
18 have and whatever has been formally transcribed.  We will
19 probably leave it at that until a later stage in the case.
20         THE COURT:  Thank you.
21         Mr. Dratel.
22         MR. DRATEL:  Thank you, your Honor.  We propose a
23 90-day period to review the discovery and see where we are and
24 to also give us a chance to discuss whether there's a
25 possibility for disposition.

1     We have to review and see where we are.  Obviously,
2  there's been litigation in Panama, but I was not part of that.
3  So I'm just getting up to speed on all of that.  There are four
4  discs of material
5     THE COURT:  Have arrangements been made for copies of
6  that material to be made available to Mr. Lluberes Rodriguez?
7     MR. DRATEL:  That's a question I have for the
8  government because sometimes prosecutors send them directly,
9  and sometimes we send them.  I don't know how Mr. Kobre wants
10  to handle that.
11     MR. KOBRE:  Your Honor, I'm glad to have copies of
12  things made and sent to Mr. Rodriguez.  I believe he's at MDC.
13  I don't know the current policy there, but we can do whatever
14  is consistent with BOP policy.  I just don't know.  It's been a
15  while, your Honor.
16     THE COURT:  Will you check, or do you want Mr. Dratel
17  to try to reach Adam Johnson?
18     MR. DRATEL:  We'll reach out to Mr. Johnson because
19  we're familiar.  This is part of an ongoing conversation about
20  a lot of things.
21     THE COURT:  Fine.  I just want to make sure that
22  someone was undertaking to do that so that it could move along.
23     Then Ms. Ng, may I have a conference date about three
24  months out from now.
25     THE DEPUTY CLERK:  Thursday, April 7, 2016, at 10:30.

1             THE COURT:  Does April 7 at 10:30 work for everybody?
2             MR. KOBRE:  Yes, your Honor.
3             MR. DRATEL:  One second, your Honor.  April 7 is
4    clear, your Honor.
5             THE COURT:  Very good.  Is there a request for
6    exclusion from speedy trial computations of the time from now
7    until April 7?
8             MR. KOBRE:  There is, your Honor, to allow defense
9    counsel to review the fairly voluminous discovery, engage in
10   potential plea discussions, and to consider any motions we wish
11   to make.
12            MR. DRATEL:  No objection.
13            THE COURT:  The request is granted.  I find that the
14   ends of justice served by the granting of an exclusion from
15   speedy trial computations from the period from today's date
16   through April 7, 2016, outweigh the best interests of the
17   public and the defendant in a speedy trial for the reasons
18   summarized by Mr. Kobre.  Accordingly, the time period is
19   excluded prospectively.
20            Is there anything else that we should take up together
21   this afternoon?
22            MR. KOBRE:  Not from the government, your Honor.
23            MR. DRATEL:  No, your Honor.  Thank you.
24            THE COURT:  Thank you.  We're adjourned.  Keep well,
25   everyone.